1  DOUGLAS A. WINTHROP (No. 183532)
   Email:  douglas.winthrop@aporter.com
2  ARNOLD & PORTER LLP
   Three Embarcadero Center, 7th Floor
3  San Francisco, California  94111-4024
   Telephone:    415/471-3100
4  Facsimile:    415/471-3400

5  Attorneys for Plaintiff
   FN CELLARS, LLC,
6  a Delaware limited liability company

7

8                     UNITED STATES DISTRICT COURT

9                   NORTHERN DISTRICT OF CALIFORNIA

10

11  FN CELLARS, LLC, a Delaware limited liability        Case No.
    company,
12                                                       PLAINTIFF'S COMPLAINT FOR:
                          Plaintiff,
13                                                       (1) Declaratory Relief (Validity of U.S.
          v.                                                 Trademark Reg. No. 4,618,420), 28
14                                                           U.S.C. §2201, *et. seq.*;
    UNION WINE COMPANY, an Oregon
15  corporation,                                         (2) Declaratory Relief (Non-Infringement), 28
                                                             U.S.C. §2201, *et. seq.*; and
16                        Defendant.
                                                         (3) Cancellation of U.S. Trademark Reg. No.
17                                                           4,486,053, 15 U.S.C. §§1064 and 1119.

18

19

20

21

22

23

24

25

26

27

28

PLAINTIFF'S COMPLAINT FOR DECLARATORY RELIEF, CANCELLATION OF U.S. TRADEMARK

Plaintiff FN Cellars, LLC ("FN Cellars"), by and for its complaint against Defendant Union Wine Company ("UWC"), alleges as follows:

## NATURE OF THE ACTION

1.     This is an action for (a) declaratory relief under authority of 28 U.S.C. §2201, *et. seq.*, and (b) cancellation of U.S. Trademark Registration No. 4,486,053 pursuant to 15 U.S.C. §§1064 and 1119.  Specifically, FN Cellars seeks a declaration of validity of its U.S. Trademark Registration No. 4,618,420 for the BELLA UNION mark, as well as a declaration that its use of the BELLA UNION mark does not violate the rights, if any, of UWC in the mark UNION WINE CO. for wines.  FN Cellars further seeks cancellation of UWC's registration of the UNION WINE CO. mark on the basis that UWC has never in fact used the term "Union Wine Co." as a trademark to identify or distinguish its wine products, and that UWC's registration was procured through fraud.

2.     As explained below, this action was necessitated by UWC's filing of a petition to cancel FN Cellars' registration of the BELLA UNION mark for wines with the Trademark Trial and Appeal Board, alleging that the mark BELLA UNION is likely to be confused with UNION WINE CO.  Said petition to cancel remains pending.

## JURISDICTION AND VENUE

3.     This Court has federal question jurisdiction over the subject of this action pursuant to 15 U.S.C. §1121(a) and 28 U.S.C. §§1331 and 1338 (actions arising under the Lanham Act), and 28 U.S.C. §2201, *et. seq.* (actions for declaratory judgment).

4.     This Court has personal jurisdiction over UWC because UWC has purposefully availed itself of the benefits of this forum by, among other things, directing its wine products to be sold and consumed in California in the ordinary course of trade, or has otherwise engaged in substantial, continuous and systematic activities within this judicial district.  Moreover, the acts giving rise to the claims asserted herein have been expressly aimed at, have occurred in, and will continue to occur in and impact FN Cellars in California and this District.

5.     Venue properly lies within this District pursuant to 28 U.S.C. §1391, and in this Court, because FN Cellars' principal place of business is located within this District, and UWC's conduct necessitating this action has been directed at FN Cellars within this District.

- 1 -

PLAINTIFF'S COMPLAINT FOR DECLARATORY RELIEF, CANCELLATION OF U.S. TRADEMARK

1

**PARTIES**

2      6.      FN Cellars is a limited liability company organized and existing under the laws of

3  the State of Delaware with its principal place of business at One Acacia Drive, Oakville, California

4  94562.  FN Cellars, together with its affiliates, operates several highly-regarded luxury wineries,

5  including Far Niente Winery, Nickel & Nickel Vineyards, Dolce, and En Route, in addition to Bella

6  Union.

7      7.      On information and belief, UWC is a corporation organized and existing under the

8  laws of the State of Oregon with its principal place of business at 19550 SW Cipole Road, Tualatin,

9  Oregon 97062.

10

**INTRADISTRICT ASSIGNMENT**

11      8.      This is an intellectual property action within the meaning of Local Rule 3-2(c) and

12  therefore is not subject to intradistrict venue provisions.

13

**FACTS**

14  *FN Cellars and the BELLA UNION Mark*

15      9.      FN Cellars, doing business as Bella Union Winery, is a winery located in Oakville,

16  California, and the owner of the BELLA UNION trademark for wine (U.S. Trademark Registration

17  No. 4,618,420).  The English translation of the Italian word "BELLA", as used in the mark, is

18  "BEAUTIFUL" — *i.e.*, BEAUTIFUL UNION.

19      10.      On July 5, 2013, FN Cellars' predecessor-in-interest, Nickel & Nickel Vineyards,

20  L.L.C. ("N&N"), filed U.S. Trademark Application Serial No. 86,002,964 to register the mark

21  BELLA UNION for wine in International Class 33 on an intent-to-use basis.

22      11.      After examination, the trademark examining attorney at the U.S. Patent and

23  Trademark Office (the "USPTO") found no conflicting marks (including UWC's UNION WINE

24  CO. mark) that would bar registration of the BELLA UNION mark for wine, despite the fact that, at

25  the time, there were at a number of previously pending or registered marks in International Classes

26  33 and 32 that contained the word "Union", and the mark was published for opposition in the

27  *Official Gazette* on December 24, 2013.

28

- 2 -
PLAINTIFF'S COMPLAINT FOR DECLARATORY RELIEF, CANCELLATION OF U.S. TRADEMARK

1    12.    As no third party — including UWC — opposed registration of N&N's BELLA

2    UNION mark, on February 18, 2014, the USPTO issued a Notice of Allowance requiring N&N to

3    filing a Statement of Use or a Request for Extension of Time to file a Statement of Use within six

4    (6) months.

5    13.    Thereafter, on August 11, 2014, N&N filed a Statement of Use declaring that the

6    BELLA UNION mark had first been used in commerce at least as early as August 4, 2014, and

7    submitted a specimen demonstrating such use.

8    14.    On September 3, 2014, the USPTO issued a Notice of Acceptance of Statement of

9    Use, and the BELLA UNION mark was subsequently registered on the Principal Register on

10   October 7, 2014 (U.S. Trademark Registration No. 4,618,420).  A true and correct copy of FN

11   Cellars' federal registration certificate for the BELLA UNION mark, as maintained on the USPTO

12   website, is attached hereto as Exhibit A.

13   15.    Thereafter, on October 20, 2014, as part of an internal corporate reorganization,

14   N&N assigned, sold, and conveyed its entire right, title and interest in and to the BELLA UNION

15   mark to FN Cellars.

16   16.    FN Cellars and/or its predecessor-in-interest, N&N, have used the BELLA UNION

17   mark extensively and continuously on wine since at least as early as August 4, 2014, and by virtue

18   of such extensive and continuous use, the BELLA UNION mark has become well known to the

19   wine-consuming public and the trade, and a valuable asset of FN Cellars.

20   17.    UWC and the UNION WINE CO. Mark

21   18.    On information and belief, UWC is a winery located in Tualatin, Oregon.

22   19.    On information and belief, on or about October 8, 2012, UWC filed U.S. Trademark

23   Application Serial No. 85,747,805 to register the mark UNION WINE CO. for wines in

24   International Class 33 on an intent-to-use basis.

25   20.    On May 28, 2013, in response to UWC's application, the USPTO issued a Notice of

26   Allowance, informing UWC that it would need to file a Statement of Use or a Request for

27   Extension of Time to file a Statement of Use within six (6) months.

28

- 3 -
PLAINTIFF'S COMPLAINT FOR DECLARATORY RELIEF, CANCELLATION OF U.S. TRADEMARK

21.    Thereafter, on November 27, 2013, UWC filed a Statement of Use, signed by UWC's President and Winemaker Ryan M. Harms, declaring that the UNION WINE CO. mark had first been used in commerce at least as early as October 9, 2013.

22.    In reliance on UWC's November 27, 2013 Statement of Use, the USPTO issued UWC U.S. Trademark Registration No. 4,486,053 for the UNION WINE CO. mark on February 18, 2014.  A true and correct copy of UWC's federal registration certificate for the UNION WINE CO. mark, as maintained on the USPTO website, is attached hereto as Exhibit B.

***The Dispute***

23.    On or about June 15, 2014, approximately five (5) months following the expiration of the period within which to file an opposition to the registration of FN Cellars' BELLA UNION mark, UWC's trademark counsel sent a letter to N&N's trademark counsel, asserting that "[t]here is an obvious likelihood of confusion" between the BELLA UNION and UNION WINE CO. marks, because "the marks both contain the same dominant term 'UNION,' the goods are identical, they will move in the same channels of trade and they will be purchased by the same type of consumers."

24.    The June 15, 2014 letter further threatened that UWC would "proceed with a cancellation at its earliest possible juncture" in the event N&N did not "abandon [its] application [to register BELLA UNION] and provide [UWC] with an unequivocal undertaking not to use [the BELLA UNION] mark on wine."

25.    By letter dated July 10, 2014, N&N's counsel advised UWC that N&N disputed UWC's claim that there existed a likelihood of confusion between the BELLA UNION and UNION WINE CO. marks, noted the existence of numerous third party uses of the term "Union" in connection with wines and spirits, and explained that the two marks could co-exist without any legitimate threat of consumer confusion.

26.    By letter dated July 23, 2014, UWC reiterated its position that the BELLA UNION and UNION WINE CO. marks could not co-exist without causing confusion, and no further discussions occurred.

27.    Thereafter, on February 13, 2015, approximately four (4) months after the USPTO had issued a Certificate of Registration to N&N for the BELLA UNION mark for wine in

PLAINTIFF'S COMPLAINT FOR DECLARATORY RELIEF, CANCELLATION OF U.S. TRADEMARK

1    International Class 33, and seven (7) months after the parties' last communication regarding this

2    dispute, UWC filed a Petition for Cancellation (Cancellation No. 92060880) of the BELLA UNION

3    mark with the USPTO's Trademark Trial and Appeal Board alleging, among other things, that:

4          28.   "[FN Cellars'] registered mark, BELLA UNION, is highly similar to [UWC's]

5    UNION WINE CO. mark and the trade name Union Wine Company.  The dominant portion of both

6    marks is the term "Union."  The goods, wines, are identical.  Goods bearing these marks and trade

7    name would be sold to the same distributors, retailers and consumers in the same channels of trade.

8    There is therefore a likelihood of confusion between the [FN Cellars'] mark and [UWC's] mark and

9    trade name, and the registration should be cancelled on that basis."

10         29.   "The registration and use of the applied-for mark by [FN Cellars] would constitute

11   use in commerce of a word, name or device and false designation of origin which is likely to cause

12   confusion, or to cause mistake, or to deceive as to affiliation, connection or association of [FN

13   Cellars] with [UWC] as to the origin, sponsorship or approval of the goods offered in connection

14   therewith."

15         30.   "[T]he original applicant of [FN Cellars'] mark did not have a

16   bona fide intention to use the mark on the goods at the time it filed its application.  The registration

17   is therefore void ab initio."

18         (a)   "[T]he registered mark was not in use in commerce on the

19   goods as of the date of the filing of the Statement of Use, August 11, 2014.  The registration is

20   therefore void ab initio."

21         31.   FN Cellars denies each of these allegations, and contends that, as a matter of

22   undisputed fact, there can be no likelihood of consumer confusion between its BELLA UNION

23   mark for wine, and UWC's alleged UNION WINE CO. mark for wine, as the commercial

24   impression of the marks, as reflected below, is completely dissimilar:

25

26

27

28

PLAINTIFF'S COMPLAINT FOR DECLARATORY RELIEF, CANCELLATION OF U.S. TRADEMARK

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17



18     32.     It should therefore come as no surprise that UWC has never identified a single

19 instance of actual confusion, and FN Cellars is unaware of any such instances of confusion.

20     33.     Moreover, as FN Cellars' counsel noted in its July 10, 2014 letter, the term "Union"

21 is widely used in connection with wines, spirits and malt beverage products, and numerous

22 registrations incorporating the term "Union" co-exist on the Principal Register in International

23 Classes 33 and 32, including, without limitation, the following:

24
| Mark | International Class | Registration No. | Date Registered |
|---|---|---|---|
| PHILLIPS UNION | 33 (Flavored blend of Canadian whiskey and Kentucky bourbon) | 3,061,228 | February 21, 2006 |
| PERFECT UNION | 33 (Wines) | 4,172,901 | July 10, 2012 |
| HOPONIUS UNION | 32 (Beers) | 4,324,259 | April 23, 2013 |

25
26
27
28

| Mark | International Class | Registration No. | Date Registered |
|------|--------------------|-----------------|----------------|
| CERVECERIA UNION | 32 (Beer) | 4,345,503 | June 4, 2013 |
| MEZCAL UNIÓN | 33 (Alcoholic beverages, except beers and wines) | 4,373,736 | July 23, 2013 |
| UNION CRAFT BREWING | 32 (Beers) | 4,410,239 | October 1, 2013 |
| ANGRY UNION BREWING | 32 (Brewed malt-based alcoholic beverage in the nature of a beer) | 4,451,004 | December 17, 2013 |

34.    In addition, on information and belief, the price points at which FN Cellars' California-produced BELLA UNION wines and UWC's alleged Oregon-produced UNION WINE CO. wines are offered for sale and sold are drastically different, with the average retail price of BELLA UNION wines topping $80.00, while the average price of UNION WINE CO. wines comes in below $20.00.

35.    This significant pricing differential further suggest that BELLA UNION wines and UNION WINE CO. wines do not target the customer base, and are largely marketed through different channels of trade.

**FIRST CLAIM FOR RELIEF**
**(Declaratory Judgment of Validity**
**of U.S. Trademark Reg. No. 4,618,420)**

36.    The allegations of paragraphs 1 through 31 are incorporated herein by reference.

37.    An actual and justifiable controversy exists between the parties with respect to the validity of FN Cellars' U.S. Trademark Registration No. 4,618,420 for the BELLA UNION mark in connection with wine products.

38.    UWC asserts that FN Cellars' U.S. Trademark Registration No. 4,618,420 for the BELLA UNION mark in connection with wine products is invalid because (a) FN Cellars' predecessor-in-interest, N&N, did not have a bona fide intention to use the BELLA UNION mark in connection with wine products at the time it filed its application to register the BELLA UNION mark, and/or (b) the BELLA UNION mark was not used in commerce on wine products as of the date N&N filed its Statement of Use.

PLAINTIFF'S COMPLAINT FOR DECLARATORY RELIEF, CANCELLATION OF U.S. TRADEMARK

39.     FN Cellars asserts that its U.S. Trademark Registration No. 4,618,420 for the BELLA UNION mark in connection with wine products is valid, and that its predecessor-in-interest, N&N, did not have a bona fide intention to use the BELLA UNION mark in connection with wine products at the time it filed its application to register the BELLA UNION mark, and that the BELLA UNION mark has been used on wine in commerce since at least as early as August 4, 2014.

40.     FN Cellars seeks declaratory relief pursuant to 28 U.S.C. §2201 and Federal Rule of Civil Procedure 57, confirming the validity and enforceability of FN Cellars' U.S. Trademark Registration No. 4,618,420 for the BELLA UNION mark in connection with wine.

**SECOND CLAIM FOR RELIEF**
**(Declaratory Judgment of Non-Infringement)**

41.     The allegations of paragraphs 1 through 36 are incorporated herein by reference.

42.     An actual and justifiable controversy exists between the parties with respect to FN Cellars' rights to the use of the mark BELLA UNION in connection with wine products.

43.     UWC asserts that FN Cellars' use of the mark BELLA UNION infringes UWC's rights in its alleged UNION WINE CO. mark.

44.     FN Cellars asserts that there is no likelihood of confusion between UWC's use of the UNION WINE CO. mark on wine and FN Cellars' use of the BELLA UNION mark on wine, and that FN Cellars' use of the BELLA UNION mark does not infringe any trademark rights of UWC.

45.     FN Cellars seeks declaratory relief pursuant to 28 U.S.C. §2201 and Federal Rule of Civil Procedure 57, confirming that FN Cellars' use of the BELLA UNION mark in connection with wine does not infringe any trademark rights of UWC.

**THIRD CLAIM FOR RELIEF**
**(Cancellation of U.S. Trademark Reg. No. 4,486,053)**

46.     The allegations of paragraphs 1 through 41 are incorporated herein by reference.

47.     On information and belief, as of November 27, 2013, UWC was not using the term "Union Wine Co." as a trademark to identify or distinguish the goods identified in its Statement of

PLAINTIFF'S COMPLAINT FOR DECLARATORY RELIEF, CANCELLATION OF U.S. TRADEMARK

Use — namely, "wines" — but rather was merely using the term "Union Wine Co." as trade or company name.

48.    Indeed, the specimen UWC submitted to the USPTO in connection with its November 27, 2013 Statement of Use shows the term "Union Wine Co." being used on the *back* label for "Kings Ridge Pinot Noir" brand wine, merely to identify UWC as the business entity which produced and bottled the wine.  A true and correct copy of the specimen UWC submitted to the USPTO in support of its November 27, 2013 Statement of Use of the UNION WINE CO. mark appears below:

PLAINTIFF'S COMPLAINT FOR DECLARATORY RELIEF, CANCELLATION OF U.S. TRADEMARK

49.     On information and belief, the following is a true and correct image of the *front* label of UWC's "Kings Ridge Pinot Noir" brand wine, which does not include the designation UNION WINE CO.:



50.     On information and belief, the specimen UWC submitted to the USPTO in connection with its November 27, 2013 Statement of Use is not a legitimate example of the UNION WINE CO. mark being used in U.S. commerce in connection with the goods — namely, "wines" — identified in U.S. Trademark Registration No. 4,486,053.

51.     On information and belief, UWC has *never* used the term UNION WINE CO. as a trademark to identify or distinguish any of the wine products that it has offered for sale and/or sold or currently offers for sale and/or sells.

52.     On information and belief, UWC's sworn Statement of Use submitted to the USPTO was therefore fraudulent, or in reckless disregard of the true facts.

53.     Section 1064 of Title 15 of the U.S. Code provides that a person who believes he is likely to be damaged by registration of a mark on the Principal Register may petition to cancel the registration.

54.     Section 1064 of Title 15 of the U.S. Code further provides that fraudulently obtaining a registration is a basis for cancellation and that a claim to cancel a registration on grounds of fraud may be brought at any time.

55.     Section 1119 of Title 15 of the U.S. Code provides that, in any action involving a registered mark, the Court has the power to cancel the registration.

56.     FN Cellars believes it is likely to be damaged by the maintenance of UWC's U.S. Trademark Registration No. 4,486,053, because UWC is asserting that registration against FN Cellars in a cancellation proceeding pending before the TTAB in an effort to disrupt FN Cellars' business.   Therefore, FN Cellars has standing in this action to seek cancellation of UWC's U.S. Trademark Registration No. 4,486,053.

57.     On information and belief, UWC obtained U.S. Trademark Registration No. 4,486,053 fraudulently, by knowingly, or with reckless disregard of the true facts, representing to the USPTO in its November 27, 2013 Statement of Use that the UNION WINE CO. mark was in use as a trademark identifying or distinguishing its wines, when in fact it was not.

58.     UWC's representation that the UNION WINE CO. mark was in use as a trademark identifying or distinguishing its wines was material to the registrability of UWC's UNION WINE CO. mark, in that the USPTO would not have issued a registration without such a representation.

59.     On information and belief, UWC falsely represented that the UNION WINE CO. mark was in use as a trademark identifying or distinguishing its wines, with knowledge that such representation was false and with the intention of deceiving the USPTO into issuing a registration that it would not have issued otherwise.

60.     On information and belief, UWC did not use the term "Union Wine Co." as a trademark, prior to the statutory deadline allowed for demonstrating use — *i.e.*, November 28, 2013 — and therefore the UNION WINE CO. mark was not eligible for federal registration when registered.

61.     Accordingly, maintenance of U.S. Trademark Registration No. 4,486,053 is contrary to law, and this registration should be cancelled pursuant to the Court's authority under 15 U.S.C. §1119.

WHEREFORE, FN Cellars prays for relief as follows:

62.     A declaration that FN Cellars' U.S. Trademark Registration No. 4,618,420 for the BELLA UNION mark is valid and enforceable;

PLAINTIFF'S COMPLAINT FOR DECLARATORY RELIEF, CANCELLATION OF U.S. TRADEMARK

63.    A declaration that FN Cellars' use of the BELLA UNION mark does not infringe any trademark rights, or other rights, of UWC;

64.    An order, certified to the Director of the USPTO, for cancellation of U.S. Trademark Registration No. 4,486,053;

65.    An award of its attorneys' fees pursuant to 15 U.S.C. §1117 because UWC's fraud renders this case an "exceptional" one;

66.    An award of its costs; and

67.    Any and all such other and further relief the Court deems just and proper.

**JURY TRIAL DEMANDED**

Pursuant to Rule 38(a) of the Federal Rules of Civil Procedure, FN Cellars demand trial by jury of all issues properly triable of right by a jury.


DATED:  May 21, 2015                    ARNOLD & PORTER LLP


By: _____*/s/Douglas A. Winthrop*_____
                    DOUGLAS A. WINTHROP

*Attorneys for Plaintiff FN CELLARS, LLC,*
*a Delaware limited liability company*

PLAINTIFF'S COMPLAINT FOR DECLARATORY RELIEF, CANCELLATION OF U.S. TRADEMARK

**EXHIBIT A**

United States of America
United States Patent and Trademark Office

# BELLA UNION

**Reg. No. 4,618,420** NICKEL & NICKEL VINEYARDS, LLC (CALIFORNIA LIMITED LIABILITY COMPANY)
P.O. BOX 327
**Registered Oct. 7, 2014** OAKVILLE, CA 94562

**Int. Cl.: 33** FOR: WINE, IN CLASS 33 (U.S. CLS. 47 AND 49).

FIRST USE 8-4-2014; IN COMMERCE 8-4-2014.
**TRADEMARK**

**PRINCIPAL REGISTER** THE MARK CONSISTS OF STANDARD CHARACTERS WITHOUT CLAIM TO ANY PAR-
TICULAR FONT, STYLE, SIZE, OR COLOR.

THE ENGLISH TRANSLATION OF THE WORD "BELLA" IN THE MARK IS "BEAUTIFUL".

SN 86-002,964, FILED 7-5-2013.

CATHERINE TARCU, EXAMINING ATTORNEY



Deputy Director of the United States
Patent and Trademark Office

PLAINTIFF'S COMPLAINT FOR DECLARATORY RELIEF, CANCELLATION OF U.S. TRADEMARK

1

**EXHIBIT B**

2

3

4

5

# United States of America

## United States Patent and Trademark Office

6

7

8

# UNION WINE CO.

9

10

11

Reg. No. 4,486,053    UNION WINE COMPANY (OREGON CORPORATION), DBA UNION WINE CO.,
P.O. BOX 370
12   Registered Feb. 18, 2014   SHERWOOD, OR 97140

Int. Cl.: 33    FOR: WINES, IN CLASS 33 (U.S. CLS. 47 AND 49).
13
FIRST USE 11-28-2012; IN COMMERCE 10-9-2013.
14   **TRADEMARK**
THE MARK CONSISTS OF STANDARD CHARACTERS WITHOUT CLAIM TO ANY PAR-
**PRINCIPAL REGISTER**   TICULAR FONT, STYLE, SIZE, OR COLOR.

15
OWNER OF U.S. REG. NO. 3,233,182.

16   NO CLAIM IS MADE TO THE EXCLUSIVE RIGHT TO USE "WINE CO.", APART FROM
THE MARK AS SHOWN.

17   SN 85-747,805, FILED 10-8-2012.

JOHN GARTNER, EXAMINING ATTORNEY
18

19

20



21

22

23   **Deputy Director of the United States**
**Patent and Trademark Office**

24

25

26

27

28

PLAINTIFF'S COMPLAINT FOR DECLARATORY RELIEF, CANCELLATION OF U.S. TRADEMARK