PAUL W. REIDL (State Bar No. 155221)
Law Office of Paul W. Reidl
Second Floor
241 Eagle Trace Drive
Half Moon Bay, CA 94019
(650) 560-8530
paul@reidllaw.com

*Attorney for Union Wine Company*

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| **FN CELLARS, LLC,**<br>Plaintiff,<br><br>v.<br><br>**UNION WINE COMPANY,**<br>Defendant. | Case No. 3:15-cv-02301-JD<br><br>**MOTION TO DISMISS**<br><br>**Date: August 26, 2015**<br><br>**Time: 10:00 a.m.**<br><br>**Courtroom: 11**<br><br>**Hon. James Donato** |

## I. NOTICE OF MOTION

PLEASE TAKE NOTICE that Defendant Union Wine Company ("Union") will and hereby does move to dismiss the First Amended Complaint ("Complaint")(Document 17) The hearing on this motion will be held at 10:00 a.m. on August 26, 2015 in Courtroom 11 of the above-captioned Court, the Honorable James Donato presiding. This motion is made pursuant to Federal Rule of Civil Procedure 12 (b)(1) on the grounds that the Court lacks subject matter jurisdiction over Plaintiff's claims. This motion is based on the Amended Complaint, this Memorandum, and the Declaration of Paul W. Reidl ("Reidl Decl.") submitted with this motion.

//

## II. RELIEF REQUESTED

Union requests that the case be dismissed without leave to refile because there is no subject matter jurisdiction over the claim for trademark non-infringement under the Declaratory Judgment Act, and without the Declaratory Judgment Act claim there is no subject matter jurisdiction over the two cancellation claims.

## III. STATEMENT OF THE ISSUES TO BE DECIDED

1. Whether the there is a justiciable case or controversy for the claim of trademark non-infringement?

2. Whether the Court has subject matter jurisdiction to hear the claims for cancellation/non-cancellation of the registered trademarks?

## IV. NATURE OF THE CASE

Plaintiff is impermissibly trying to convert a run-of-the-mill trademark cancellation action before the Trademark Trial and Appeal Board ("TTAB") into a Federal declaratory judgment action for non-infringement. The facts are straightforward:

Union owns a trademark registration of UNION WINE CO. for wine. (Complaint ¶ 21). On June 15, 2014, after learning that Plaintiff owned an allowed trademark application of BELLA UNION for wine,[1] Union's counsel wrote a one-page letter to Plaintiff's counsel "as a professional courtesy." After noting that the mark was not in use, he asked that the application and plans to use it be abandoned and closed by stating that: "If I do not have such an undertaking by July 1, 2014, I will assume that your client's answer is "no" ***and we will proceed with a cancellation action at the earliest***

---

[1] An allowed application is one that has been filed on an "intent-to-use" basis, has been examined, and has cleared the opposition period. It does not become a registered trademark until the applicant files a '"Statement of Use" that is approved by the PTO. 15 U.S.C. § 1051 (b), (d).

***possible juncture."*** (Complaint ¶¶ 22-23; Reidl Decl. ¶2 and Exhibit 1)(emphasis added)).[2] In response, Plaintiff's counsel proposed a "settlement" that Union rejected. (Complaint ¶¶ 24-25).

Plaintiff filed its Statement of Use on August 11, 2014 and its mark registered on October 7, 2014. (Complaint ¶¶ 13-14). Union filed its Petition for Cancellation on February 13, 2015. (*Id.* ¶ 26). The Petition consisted of 12 short paragraphs that advanced four reasons why the registration should be cancelled. Two of those asserted a "likelihood of confusion" under sections 2 (a) and (d) of the Lanham Act. 15 U.S.C. 15 U.S.C. § 1052. (Complaint ¶ 26; Reidl Decl. ¶ 3 and Exhibit 2).[3] Plaintiff filed its Answer and Counterclaims on March 23, 2015, the latter of which contained the cancellation claim asserted herein. (Reidl Decl. ¶ 4 and Exhibit 3).

In accordance with the TTAB's Scheduling Order, the parties held their pre-discovery conference by telephone on May 15, 2015. The Plaintiff renewed its settlement proposal which was again rejected. During that telephone call, counsel for the Plaintiff expressed his exasperation with Union for pursuing a case that in his view it could not win, characterizing it as "a colossal waste of time." There was no mention by either party of a potential Federal Court action. (Reidl Decl. ¶ 5).

At no time has Union told Plaintiff that it planned to sue for infringement. (Reidl Decl. ¶ 6). The Complaint alleges no facts from which the Court can conclude otherwise.[4]

The Complaint was filed on May 21, 2015 without any further communication between the parties. Pursuant to its Rules, the TTAB suspended the cancellation proceeding pending the outcome of this litigation. (Reidl Decl. ¶ 7).

---

[2] Plaintiff has a second application that Union plans to petition to cancel once it registers.

[3] Paragraph 26 (a) of the Complaint references the allegations required to plead a Section 2 (d) claim based on a registered mark and Paragraph 26 (b) of the Complaint references the allegations required to plead a Section 2 (a) claim based on an unregistered mark or trade name. Both of these claims require proof of likely confusion. Paragraphs 26 (c) and (d) reference the required allegations for two additional claims which if proven would require cancellation of Plaintiff's mark.

[4] The Complaint characterizes the June 14 letter as a threat of infringement litigation (Complaint ¶ 39) but this is belied by its plain language and tone, including the portions of the letter quoted in Complaint (Reidl Decl.¶ 2, Exhibit 1). If Union had been interested in suing Plaintiff, the letter would have threatened to act as soon as the statement of use was filed; there was no need to wait for the allowed application to mature into a registration.

## V. SUMMARY OF ARGUMENT

Two of the three Claims (Claims 1 and 3) ask the Court to decide whether Federal registrations should be cancelled. The Lanham Act does not grant independent subject matter jurisdiction over cancellation claims. Thus, the Court only has subject matter jurisdiction over these claims if it has such jurisdiction over the Claim seeking a declaratory judgment of non-infringement (Claim 2).

As for Claim 2, Plaintiff argues that the Petition for Cancellation creates the required sufficiency, immediacy and reasonable apprehension of an imminent infringement action because it alleges a ‘likelihood of confusion.” However, the Petition itself merely seeks cancellation of the registration under Sections 2 (a) and (d) of the Lanham Act; it does not ask the TTAB to enjoin use of the registered mark because the TTAB does not adjudicate infringement claims. It is therefore wrong to characterize the Petition as threatening an infringement claim. Plaintiff should not be permitted to bootstrap its way into Federal Court based on the allegations in the Petition because if Plaintiffs' theory is successful, then every TTAB opposition or cancellation action that alleges likelihood of confusion as a grounds for objection could be countered with a Declaratory Judgment action. That would completely undermine the TTAB's statutory role as the preferred adjudicatory body for the right to register trademarks.

## VI. ARGUMENT

### A. There is No Independent Jurisdictional Basis for a Cancellation Action.

In *Airs Aromatics LLC v. Opinion Victoria's Secret Stores Brand Management, Inc.*, 744 F.3d 595 (9th Cir. 2014), the Ninth Circuit considered a factual situation exactly like this one. The plaintiff had brought a declaratory judgment action that included a cancellation claim. The trial court dismissed the complaint; the plaintiff only appealed the dismissal of the cancellation claim. The Ninth Circuit held that the provision in the Lanham Act empowering a Court to cancel a Federal registration (Section 37, 15 U.S.C. § 1119), “does not provide an independent basis for federal jurisdiction” and it affirmed the dismissal of the cancellation claim with prejudice. 744 F.3d at 599.

//

In so doing, it agreed with Professor McCarthy that "this interpretation preserves the use of actions before the [TTAB] as the primary vehicle for cancellation." *Id.*

The holding of *Airs Aromatics* is directly applicable here. The first Claim asks the Court to adjudicate the cancellation claim made by Union at the TTAB and declare that Plaintiff's registration is valid. The third Claim asks the Court to adjudicate Plaintiff's counterclaim in the TTAB case seeking cancellation of Union's registration. The latter is clearly within the ambit of *Airs Aromatics* and the former should be because jurisdiction under the Declaratory Judgment Act requires a plaintiff to establish that the Court has subject matter jurisdiction from some other source. *Skelly Oil Co. v. Phillips Petroleum Co.*, 339 U.S. 667, 671-72 (1950); *Aetna Life Insurance Co. v. Haworth*, 300 U.S. 227, 240 (1937*); Fiedler v. Clark*, 714 F.2d 77, 79 (9th Cir. 1983) Under *Airs Aromatics* there is no subject matter jurisdiction for a cancellation claim.

Thus, if the Court finds there is no proper basis for invoking the Declaratory Judgment Act on the non-infringement claim (Claim 2), *Airs Aromatics* requires the dismissal of Claims 1 and 3.

**B. There is No Proper Basis for Invoking the Declaratory Judgment Act on the Trademark Non-Infringement Claim.**

In determining what constitutes a justiciable controversy under the Declaratory Judgment Act, the United States Supreme Court has summarized its holdings as follows:

> Our decisions have required that the dispute be "definite and concrete, touching the legal relations of parties having adverse legal interests"; and that it be "real and substantial" and "admi[t] of specific relief through a decree of a conclusive character, as distinguished from an opinion advising what the law would be upon a hypothetical state of facts." ……Basically, the question in each case is whether the facts alleged, under all the circumstances, show that there is a substantial controversy, between parties having adverse legal interests, of sufficient immediacy and reality to warrant the issuance of a declaratory judgment."

*Medimmune, Inc. v. Genentech, Inc.*, 549 U.S.118, 127, 127 S. Ct. 764, 771 (2007)(citations omitted).

//

As the Ninth Circuit cast it in a pre-*Medimmune* decision:

> [A]n action for a declaratory judgment that a patent [or trademark] is invalid, or that the plaintiff is not infringing, [presents] a case or controversy if the plaintiff has a real and reasonable apprehension that he will be subject to liability if he continues to manufacture his product."

*Rhoades v. Avon Prods*., 504 F.3d 1151, 1157 (9th Cir. 2007)(citation omitted).

Considering all of the facts and circumstances, there is no proper basis for invoking the Declaratory Judgment Act. Union has never threated Plaintiff with litigation and damages; its only arguable "threat" (made in June 2014) was to file a cancellation petition at the TTAB. (Complaint ¶¶ 23-24). The letter obviously did not result in any apprehension of immediate injury arising from the use of the applied-for mark because Plaintiff began using the mark in August 2014. Plaintiff did not have any apprehension of immediate injury from the use of the mark after Union filed the cancellation petition in February; instead, Plaintiff filed a counterclaim with the TTAB. Infringement litigation was never discussed at the TTAB pre-discovery conference.

In short, the TTAB case was proceeding in an orderly manner when Plaintiff suddenly decided to sue – 11 months after first being alerted to the possibility of a cancellation action. The prospect of infringement litigation (i.e. a Federal court challenge to Plaintiff's ability to use the mark) was never mentioned during those 11 months. The only thing that was discussed/litigated was a cancellation action at the TTAB (i.e. whether Plaintiff had a right to register the mark.). The Complaint does not plead that Plaintiff's use of its trademark was in any way threated or impacted by the TTAB action; to the contrary it alleges that it has used the mark so much that it has become "well known to the wine-consuming public." (Complaint ¶ 16). Similarly, it is not alleged that Plaintiff believes it is in imminent danger of being subject to damages or an injunction.

Because the objective facts and circumstances are inconsistent with the existence of a real and immediate controversy over Plaintiff's use of its mark, Plaintiff pleads that the Petition for

Cancellation itself "necessitated" the Federal court action. (Complaint ¶ 2). This is because the Petition for Cancellation alleges a "likelihood of confusion." (*Id.* ¶¶ 26 (a), (b)). But the Petition for Cancellation does not (and cannot) threaten Plaintiff with infringement litigation, an injunction and damages; it merely pleads in two very general paragraphs what is required to state a cause of action at the TTAB for cancellation under Sections 2 (a) and (d) of the Lanham Act. 15 U.S.C. § 1052; *see Opryland USA v. Great American Music Show*, 970 F. 2d 847, 850 (Fed. Cir. 1992)(reviewing the TTAB factors).[5] The Petition for Cancellation does not even use the term "infringement;" by its terms it seeks cancellation only. (Reidl Decl. ¶ 3, Exhibit 2). That is because the Lanham Act limits the TTAB's authority to "determin[ing] and decid[ing] the respective rights of [trademark] registration." 15 U.S.C. § 1067(a); *see also* 15 U.S.C. §§ 1063(a), 1064. It has no authority to determine the right to use, i.e., whether there is trademark infringement. *Firsthealth of Carolinas v. Carefirst of Maryland*, 479 F. 3d 825, 828 (Fed. Cir. 2007). Only a Federal court may hear actions for trademark infringement, 15 U.S.C. §§ 1114, §1125(a) for which it may grant injunctive relief, 15 U.S.C. § 1116, and award damages, 15 U.S.C. § 1117.

At bottom, the Complaint engages in legal sleight-of-hand. Plaintiff contends that because "likelihood of confusion" is also the *sine qua non* of infringement, the mere act of alleging "likelihood of confusion" at the TTAB **to prevent registration** necessarily means that there is an imminent threat of a Federal court infringement action **to prevent use** of the mark and subject Plaintiff to damages. This is absurd. Union has never demanded that Plaintiff cease using the mark (despite Plaintiff's claim that the mark has been used for almost a year.) Union sought cancellation with full knowledge that the TTAB does not adjudicate infringement claims. If Union had been concerned about the use of the mark, it was fully capable of bringing an infringement action. .

---

[5] The Ninth Circuit uses different factors in assessing whether there is trademark infringement. *See AMF Inc. v. Sleekcraft Boats*, 599 F.2d 341, 348-349 (9th Cir. 1979).

What Plaintiff is really trying to do here is to get the cancellation case out of the TTAB and have it decided by a jury applying Ninth Circuit law. This is evident by the Complaint's recitation of "real world" marketplace differences between the usage of the two marks that allegedly belie a finding of likely confusion (Complaint ¶¶ 28-30) -- factors that are not considered by the TTAB in determining whether a mark should be registered. *See, e.g., In re Viterra Inc.*, 671 F.3d 1358, 1362 (Fed. Cir. 2012)(TTAB presumes that the consumers are the same where the goods are identical): *Octocom Syst. Inc. v. Houston Computers Svcs. Inc.*, 918 F.2d 937, 942 (Fed. Cir. 1990)(TTAB presumes that identical goods move in the same channels of trade.)

If Plaintiff's gambit is successful, then **every** opposition or cancellation action filed at the TTAB that alleges a likelihood of confusion would provide the jurisdictional basis for a Declaratory Judgment action of non-infringement and, in cancellation actions, the procedural mechanism to end-run *Airs Aromatics*. This would completely undermine the role of the TTAB as the statutory administrative forum to adjudicate the right to register trademarks and it would potentially flood the Federal courts with thousands of run-of-the-mill TTAB cancellation and opposition proceedings. This is why courts have consistently held that the filing of a TTAB action – while a fact to be considered in determining whether there is a case or controversy – without more is insufficient to support a declaratory judgment action for non-infringement. *See Red Lobster Inns, Inc. v. New England Oyster House, Inc.*, 524 F.2d 968, 969 (5th Cir. 1975); *Topp-Cola Company v. Coca-Cola Company*, 314 F. 2d 124, 125-126 (2d Cir. 1963); *Merrick v. Sharp & Dohme, Inc.*, 185 F. 2d 713, 717-718 (7th Cir), *cert. denied*, 340 U.S. 954 (1951)(a notice of opposition is not a charge of infringement); *1-800-Flowers.com, Inc. v. Edible Arrangements*, 905 F.Supp.2d 451, 454 (EDNY 2012)(filing an opposition at the TTAB does not create a justiciable case or controversy); *Vina Casa Tamaya S.A. v Oakville Hills Cellar*, 784 F.Supp.2d 391, 397 (SDNY 2010)(same); *Wham-O, Inc. v. Manley Toys, Ltd.*, 92 U.S.P.Q.2d 1750, 2009 WL 6361387, *4 (CD Cal. 2009); *HSI IP v. Champion*

*Window Mfg. & Supply Co.*, 510 F.Supp.2d 948, 956 (M.D. Fla. 2007) ("While [Defendant] is correct that the filing of a TTAB action is not, on its own, sufficient to create an actual controversy, such is not the issue in this case where it is undisputed that in addition to filing an opposition in the TTAB proceedings, [Defendant] sent correspondence to [Plaintiff] suggesting it would sue if its [infringement] concerns `could not be settled on an amicable basis.'"); *Jeffrey Banks, Ltd. v. Jos. A Bank Clothiers, Inc.*, 619 F. Supp. 998, 1002 (D.Md. 1985) (finding an actual controversy where prior claims of infringement and threats of litigation had cast a "threatening shadow" that was "made more ominous by the notice of opposition."); *see also Surefoot LC v. Sure Foot Corp.*, 531 F. 3d 1236, 1247 (10th Cir. 2008)(declining to reach the question of whether a single opposition proceeding was sufficient); *Chesebrough-Ponds, Inc. v. Faberge, Inc.*, 666 F.2d 393, 396 (9th Cir. 1982)(requiring more than the filing of a TTAB action).

In this context, it should be clear that there is insufficient "immediacy and reality" over whether Plaintiff's use of its trademark infringes Union's trademark or trade name rights to support a declaratory judgment action. There cannot be such a controversy because Union has never once raised the issue of trademark infringement. It has only done what it threatened to do in July 2014; petition to cancel the registration. While there is undeniably a controversy between the parties over the right to register their respective marks, there is none over their right to use them.

## VII. CONCLUSION

For all of the foregoing reasons, Union requests that the claims be dismissed with prejudice.

Dated: July 20, 2015

Respectfully submitted,

By: <u>/s/ Paul W. Reidl</u>

Paul W. Reidl (CA Bar No. 155221)
LAW OFFICE OF PAUL W. REIDL
241 Eagle Trace Drive
Half Moon Bay, CA 94019
(650) 560-8530
paul@reidllaw.com

## PROOF OF SERVICE

I, the undersigned, declare and certify as follows:

I am over the age of eighteen (18) years and employed in the County of San Mateo, State of California. I am a member of the Bar of this Court. My business address is 241 Eagle Trace Drive, Half Moon Bay, CA 94019. On July 20, 2015, I served the following document (attached hereto):

## MOTION TO DISMISS

**(XX) VIA CM/ECF FILING SYSTEM.** The undersigned hereby certifies that he caused a copy of the foregoing document(s) to be filed with the clerk of the U.S. District Court, Central District of California, using the CM/ECF filing system, which caused a copy to be mailed electronically to the following CM/ECF Participant(s) on July 20, 2015:

DOUGLAS A. WINTHROP
douglas.winthrop@aporter.com
ARNOLD & PORTER LLP
Three Embarcadero Center, 10th Floor
San Francisco, California 94111-4024

Executed on July 20, 2015 at Half Moon Bay, California.